UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GORDON D. GARRETT and DIANE GAYLE GARRETT,
on behalf of themselves and all others similarly situated          PLAINTIFFS

v.                                                     CIVIL ACTION NO. 3:09CV-404-S

STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, State Auto Property & Casualty Insurance Company ("State Auto"), for summary judgment (DN 20) on Count I of the complaint, the one remaining claim in the case.

In Count I, the plaintiffs, Gordon D. and Diane Gayle Garrett ("the Garretts"), claim entitlement to interest under KRS 304.12-235(2), a provision of the Kentucky Insurance Code which states that "[i]f an insurer fails to make a good faith attempt to settle a claim within [30 days from the date upon which notice and proof of claim are furnished to the insurer], the value of the final settlement shall bear interest at the rate of twelve percent (12%) per annum from and after the expiration of the thirty (30) day period." State Auto seeks summary judgment on the ground that it made a good faith attempt to settle the claim within the 30-day period by initiating an investigation of the loss and engaging the Garretts in negotiations, despite the fact that no offer of payment was

made within the initial 30 days. The Garretts oppose State Auto's motion for summary judgment and have moved for reconsideration of the court's March 8, 2010 Order upon which State Auto's motion is grounded. (DN 22).

The underlying facts are not disputed.

In September 2008, the roof of the Garretts' home was wind-damaged. On September 17, 2008 State Auto spoke with the Garretts, and on September 18, 2008 State Auto received a claim from them. On September 30, 2008, an adjuster from NCA Group inspected the property on behalf of State Auto. The record reflects that thereafter there was a series of communications concerning the claim and additional inspections were performed before agreement was reached on payment for the replacement of the entire roof. The Garretts employed counsel to assist them at some point during the negotiation process. The Garretts did not receive full payment on their claim until months after their claim was made.

The Garretts seek the payment of interest on the final settlement of their claim on the ground that they did not receive an offer of payment within thirty days of having filed their claim. The Garretts have made clear that their claim is based solely on the lack of a monetary offer within the 30-day window. It is the Garretts' view that nothing short of an offer of payment constitutes an "attempt to settle" under the statute.

This court found in its March 8, 2010 Order that the statute's "attempt to settle" language referred not only to an offer of payment to the insured, but also to other necessary components of the process of resolving a claim:

> [I]t is possible for an insurer to make an "attempt to settle a claim" without propounding an actual settlement offer. It could, for instance, perform investigatory work (which might extend past 30 days) or engage in negotiations with the insured that fail to reach the point of extending an offer.

This principle seems beyond cavil. However, the Garretts urge that unless an "attempt to settle" is construed to mean strictly an offer of payment, insurers would be free to "investigate" claims for an indefinite period without incurring the sanction of the accrual of interest after thirty days. There is nothing in the statute that limits an "attempt to settle" to an offer of payment. The Garretts urge that the surrounding provisions in the Insurance Code are replete with specific references to "payments." Indeed, the drafters clearly would have utilized that term in KRS 304.12-235(2) also, if the interest accrual provision was intended to be so limited.

Further, the Garretts argument overlooks the fact that any attempt to settle must be in good faith. In the event that an unscrupulous insurer unjustifiably delays in any facet of the settlement process, its conduct may be challenged via a claim asserting lack of good faith in its attempt to settle.[1]

The Garretts do not assert that State Auto's conduct was not in good faith. Rather they seek to hold State Farm accountable solely for delay in paying the claim. State Auto began an investigation and dialogue with the Garretts in an attempt to settle the claim. While the time in which it took to receive final payment was unsatisfactory to the Garretts, this alone is insufficient to establish that State Auto did not attempt to settle the claim within the 30-day period. As the Garretts do not urge a lack of good faith, the claim against State Auto must be dismissed.

Additionally in this action, the Garretts seek to represent a class of individuals who, similarly, did not receive an offer of payment on their claims within the 30-day period. As a result of the dismissal of Count I against State Auto, there is no longer any representative of the proposed class. Therefore, the action must be dismissed in its entirety.

---

[1] The Garretts' motion for reconsideration asks the court to adopt their reading of the "attempt to settle" language. The Garretts' motion (DN 22) must be denied.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**